UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 10-60783-Civ-Moore/Simonton

CHARLOTTE E. NICHOLAS,

    Plaintiff,
v.

ALLIANCEONE RECEIVABLES MANAGEMENT, INC.,

    Defendant.
_____/

### PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S VERIFIED MOTION FOR AN AWARD OF COSTS AND ATTORNEY'S FEES

Plaintiff, Charlotte E. Nicholas, files this Reply Memorandum in Support of her Verified Motion for An Award of Costs and Attorney's Fees (DE 34) regarding Defendant's Response (DE 43) and in support thereof states as follows:

    1.    Defendant contends that Plaintiff has not provided any rationale for an increase in his fee award. Plaintiff contends that he has met this burden. In Plaintiff's counsel's declaration (DE 36), filed in support of Plaintiff's Motion for Attorney's Fees (DE 34), Plaintiff's counsel clearly indicates that his level of experience dictates his current rate. Furthermore, counsel has sought and been awarded $350.00 per hour in a number of recent cases; in one of which, the Court held that the rate of $350.00 per hour is "within the range of rates charged in the South Florida community for similar services by lawyers of reasonably comparable skills, experience and reputation."; *Bradley R. Karns v Prime Asset Recovery, Inc et al.*, Case No.: 09-61689-Civ-Dimitrouleas/Snow (S.

D. Fla. August 24, 2010). Since the filing of Plaintiff's motion, Plaintiff's counsel was awarded $350.00 per hour in another recent fee award: *Jeffrey D. Bianchi v Bronson & Migliaccio, LLP*, Case No.: 09-61164-Civ-Ungaro/Simonton (S.D. Fla February 2, 2011). In addition to Plaintiff's counsel's declaration, Plaintiff has submitted the Affidavit of Scott D. Owens (DE 37) in support of Plaintiff's Motion for Attorney's Fees, a further showing that the requested rate is reasonable and in line with the rates charged by attorney's of similar experience and reputation. Defendant has provided no support for its position that Plaintiff's counsel's hourly rate is due to be reduced to $300.00 per hour, save for three fee awards from August and September of 2010, nearly six months prior to the filing of this motion. Plaintiff's counsel contends that he has provided evidence that his rate is in line with prevailing market rates, including a Court ruling stating such, and Defendant has not provided any evidence otherwise.

  2. Defendant contends that the cost of the mediation is not taxable, and cites *Gary Brown & Assocs., Inc. v. Ashdon, Inc.,* 268 Fed. Appx. 837, 845-46 (11th Cir. 2008), the controlling precedent in the Eleventh Circuit. The FDCPA is a private attorney general act with an award of statutory damages of up to $1,000.00, with the availability of actual damages. Plaintiff in this suit has not sought actual damages, only statutory damages. If Plaintiff must be responsible out of her own pocket for the costs of mediation, which could exceed even her statutory award, such a holding would defeat the purpose of the FDCPA and turn the act upon its head, rendering it ineffective, as Plaintiff could actually win the case and end up having to pay out money in the end. Such a

holding would remove the incentive Congress intended, to promote private lawsuits to enforce the FDCPA for the purpose of protecting consumers against abusive debt collection practices. A consumer might be discouraged from bringing a lawsuit where their costs could eclipse the potential statutory award. Mediation is required of the parties by Local Rule, and Local Rule 16(b)(7) further enumerates that "Absent agreement of the parties to the contrary, the cost of the mediator's services shall be borne equally by the parties to the mediation conference." If the Plaintiff is forced to shoulder the cost of mediation alone, it not only subverts the purpose of the FDCPA, but also contradicts the provisions of the Local Rules.

   3. Plaintiff does not dispute that mediation costs have been held to not be taxable in the Eleventh Circuit. However, Plaintiff proffers that in the alternative, the parties should share the cost of the mediation, as provided by the Local Rules and as has been held in Florida Courts of recent:

> Moreover, even if taxable as a matter of discretion, this court generally does not tax mediation expenses, reasoning that those expenses should be shared equally by the parties to promote good faith mediation without financial concerns for the costs of resolving a case. Like a special master's fees, the parties in an FLSA action should equally bear the expense of mediation. See *Perez v. Carey Int'l, Inc., supra. Cf. Osahar v. U.S. Postal Serv.*, 136 F.App'x. 259, 261 (11th Cir.2005)

*Santiago v. William G. Roe & Sons, Inc.*, 2010 U.S. Dist. LEXIS 75935, 6-7 (M.D. Fla. July 27, 2010)

See also:

   6. Costs

> The plaintiff sought costs in the amount of $ 3,804.89 for the filing fee, subpoenas, service of the complaint, court reporter fees and transcripts and half the mediation cost. He also requested costs in the amount of $ 11,530.00 for the fees and costs for the expert witness. The defendant challenged the mediation fee and the fees and costs for the expert witness. The plaintiff's reply withdraws the costs and fees of the expert witness. <u>Scelta v. Delicatessen Support Servs., Inc.</u>, 203 F.Supp.2d 1328, 1339 (M.D.Fla. 2002).
>
> With regard to the mediation cost, both parties cite cases from the Middle District of Florida. The defendant cites <u>Scelta</u>, 203 F.Supp.2d at 1339, in which the court held that since the prevailing party did not adequately separate the costs which were recoverable under 28 U.S.C. § 1920 from those recoverable under 28 U.S.C. § 1927 and those recoverable under 42 U.S.C. § 2000e-5, the court would deny those not recoverable under § 1920, such as mediation, long distance telephone bills, office supplies and other costs not specifically listed in § 1920. The Eleventh Circuit Court of Appeals cited this portion of <u>Scella</u> with approval when upholding deductions for costs not listed in § 1920, the only statute cited to support the claimed costs. <u>Gary Brown & Assoc. Inc. v. Ashdon, Inc., 268 Fed. Appx.</u> 837, 845-46 (11th Cir. 2008).
>
> The plaintiff cites <u>Wales v. Jack M. Berry, Inc.</u>, 192 F. Supp. 2d 1313, 1329 (M.D.Fla. 2001) in which the court found that in a Fair Labor Standards Act case, many costs such as mediation, which are excluded under 28 U.S.C. § 1920, are recoverable as part of the attorney's fee award, citing, <u>Calderon v. Witvoet</u>, 112 F.3d 275, 276 (7th Cir. 1997). Accordingly, the Court will award $ 300 for the plaintiff's half of the cost of mediation.

<u>Hart v. Lindgren-Pitman, Inc.,</u> 2008 U.S. Dist. LEXIS 77998, 25-26 (S.D. Fla. July 31, 2008).

For the parties to have a fruitful and meaningful mediation, neither party should entirely bear the cost – "those expenses should be shared equally by the parties to promote good faith mediation without financial concerns for the costs of resolving a case" (<u>Santiago v. William G. Roe & Sons, Inc.</u>, 2010 U.S. Dist. LEXIS 75935, 6-7 (M.D. Fla. July 27, 2010)). For this reason, Plaintiff requests that the Court include an award of

4

costs to Plaintiff in the amount of $280.87, Defendant's half of the $561.75 cost of the mediation.

4.      Defendant contends that Plaintiff should not be entitled to recover the $50.00 cancellation fee for Defendant's deposition. Defendant contends that if Plaintiff had timely informed the court reporter of the cancellation, then no fee should have been incurred, and that Plaintiff has failed to offer any explanation as to why the fee was incurred. The invoice, omitted in error from Plaintiff's initial motion, is attached hereto as Exhibit "A". The invoice clearly indicates on its face that it is a videoconferencing booking/cancellation fee. In other words, the fee would have been incurred no matter when the deposition was cancelled, as the videoconferencing company charges a booking fee regardless of whether the deposition occurs or not. If the Court requires it, Plaintiff will submit the affidavit of Legal Video Services, to further enumerate this point.

5.      For these reasons, Plaintiffs' Verified Motion for an Award of Costs and Attorney's Fees should be granted.

Respectfully submitted,

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone: (954) 537-2000
Facsimile: (954) 566-2235
donyarbrough@mindspring.com

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 10-60783-Civ-Moore/Simonton

CHARLOTTE E. NICHOLAS,

    Plaintiff,

v.

ALLIANCEONE RECEIVABLES MANAGEMENT, INC.,

    Defendant.
_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 23, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                  s/Donald A. Yarbrough
                                  Donald A. Yarbrough, Esq.

## SERVICE LIST

Mr. Dale T. Golden, Esq.
Golden & Scaz, PLLC
201 North Armenia Avenue
Tampa, FL 33609
Telephone: 813-251-5500
Facsimile: 813-251-3675

Via Notices of Electronic Filing generated by CM/ECF